UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIVIAN J. TOLIVER,

          Plaintiff,

    v.

CLEAR RECON CORP.,

          Defendant.

No.  2:24-cv-02139-KJM-SCR

<u>FINDINGS AND RECOMMENDATIONS</u>

      Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636.  Now before the Court is Defendant's Motion to Dismiss (ECF No. 4).  Plaintiff has failed to file an opposition to the motion. The Court recommends the motion to dismiss be granted, and Plaintiff allowed the opportunity to amend.

    **I.**     **Background and Procedural History**

      On August 8, 2024, Plaintiff filed her complaint and paid the filing fee.  ECF No. 1. Plaintiff alleges that Defendant accessed her "personal identification" without her "full consent." *Id.* at ¶ 1.  Plaintiff appears to complain that Defendant was not her true lender, and that Defendant failed to "exhibit the note."  *Id.* at ¶¶ 8-11.  Plaintiff attached to her complaint a deed of trust, the affidavit of William McCaffrey, and various other financial and legal documents. ECF No. 1 at 8-89.[1]

---

[1]  These references are to the page number generated on the Court's CM/ECF header.

1    On February 25, 2025, Defendant filed a motion to dismiss pursuant to Federal Rule of

2    Civil Procedure 12(b)(6) which argues the complaint fails to state a claim.  ECF No. 4.

3    Defendant states that it is a substituted foreclosure trustee that was hired to conduct a non-judicial

4    foreclosure on Plaintiff's home on July 25, 2024, on which date the home was sold to a third-

5    party cash bidder.  *Id.* at 3.  Plaintiff failed to file an opposition to the motion, and the motion was

6    submitted on March 27, 2025.  ECF No. 6.

7    **II.    Analysis**

8    **A.  Legal Standard Under Rule 12(b)(6)**

9    The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

10   sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

11   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

12   sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901

13   F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

14   relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A

15   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

16   the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.

17   Iqbal*, 556 U.S. 662, 678 (2009).

18   In determining whether a complaint states a claim on which relief may be granted, the

19   court accepts as true the allegations in the complaint and construes the allegations in the light

20   most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  However,

21   the court need not assume the truth of legal conclusions, even if cast in the form of factual

22   allegations.  *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  While Rule 8(a)

23   does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-

24   unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers

25   mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."

26   *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements

27   of a cause of action, supported by mere conclusory statements, do not suffice.").  It is

28   inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the

2

1  defendants have violated the ... laws in ways that have not been alleged." *Associated Gen.*

2  *Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

3      **B.   The Motion to Dismiss (ECF No. 4)**

4      The Motion argues that the complaint fails to meet the pleading requirements of Federal

5  Rule of Civil Procedure 8.  ECF No. 4 at 3.  The Motion states that the caption of the complaint

6  purports to identify three claims: 1) identity theft; 2) reversal of illegal sale; and 3) recoupment of

7  damages.  *Id.* at 4.  However, Defendant contends that the sparse eleven-paragraph complaint

8  does not separately identify or explain these claims.  *Id*.  Defendant further contends that most of

9  the exhibits attached are improper and not incorporated by reference in the complaint.  *Id*. at 5-6.

10     Plaintiff has failed to file an opposition to the motion.  Local Rule 230 provides that any

11 opposition must be filed within 14 days, and "failure to file a timely opposition may also be

12 construed by the Court as a non-opposition to the motion."  LR 230(c).  Plaintiff's opposition was

13 due on March 11, 2025.  Pro se litigants are subject to the same procedural requirements as other

14 litigants.  *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).  The failure to comply with

15 Local Rule 230 alone could merit dismissal.  *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.

16 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

17     The Court agrees with Defendant's position that the complaint fails to comply with Rule 8

18 and fails to state a claim under Rule 12(b)(6).  Under the Federal Rules of Civil Procedure, the

19 complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that

20 is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain

21 statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what

22 way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set

23 forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).

24     It is unclear exactly what claims Plaintiff seeks to bring, and Plaintiff has not alleged

25 sufficient facts to state a plausible claim.  It is also unclear if the claims are legally cognizable.

26 For example, Plaintiff references 15 U.S.C. § 1681m of the Fair Credit Reporting Act, but there is

27 no private right of action under that provision.  *See Perry v. First Nat. Bank*, 459 F.3d 816, 823

28 (7th Cir. 2006) ("The unambiguous language of § 1681m(h)(8) demonstrates that Congress

1   intended to preempt private causes of action to enforce § 1681m.").  The Court concludes that the

2   motion to dismiss should be granted.  The Court must now consider whether Plaintiff should be

3   allowed leave to amend.

4        **C.  Leave to Amend**

5        In considering leave to amend, the Court has considered that Plaintiff is proceeding pro se

6   and "[a] district court should not dismiss a pro se complaint without leave to amend unless it is

7   absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar*

8   *v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  A pro se litigant should also generally be given

9   notice of the deficiencies with the complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.

10  1992) ("[B]efore dismissing a pro se complaint the district court must provide the litigant with

11  notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity

12  to amend effectively.").  One could argue that Plaintiff was put on notice of the deficiencies

13  through Defendant's motion to dismiss, and that Plaintiff's failure to respond or seek leave to

14  amend indicates the futility of amendment.  However, Plaintiff's complaint is too indefinite to

15  determine that leave to amend would be futile.  Accordingly, the Court recommends Plaintiff be

16  allowed leave to amend.

17       If Plaintiff chooses to file an amended complaint, it shall comply with Rule 8.

18  Additionally, Plaintiff shall comply with Rule 10(b) of the Federal Rules of Civil Procedure and

19  state her claims in separately numbered paragraphs.  Plaintiff shall also clearly delineate the

20  causes of action she is attempting to assert as "counts" or "claims" and set forth sufficient facts to

21  establish a plausible claim as to each cause of action asserted.

22       Plaintiff asserts in the complaint that Defendant failed to "exhibit the note" and

23  Defendant's motion states a non-judicial foreclosure sale has occurred.  To the extent Plaintiff is

24  attempting make a claim for wrongful foreclosure based on securitization, or the Note being

25  separated from the deed of trust, Plaintiff should be aware that, "note-splitting is not a defense to

26  foreclosure in California." *Harms v. Bank of New York Mellon*, 2017 WL 6049402 at *7 (N.D.

27  Cal. April 5, 2017).  Additionally, courts have stated that "note-splitting is legally impossible

28  under California law." *Id.*, citing *Yvanova v. New Century Mortg. Corp.*, 62 Cal.4th 919, 927

4

(2016) ("The deed of trust, moreover, is inseparable from the note it secures, and follows it even without separate assignment."). As the California Supreme Court recognized in *Yvanova*, "a borrower can generally raise no objection to assignment of the note and deed of trust. A promissory note is a negotiable instrument the lender may sell without notice to the borrower." *Id.* at 927.

Plaintiff's amended complaint should be clearly labeled as the "First Amended Complaint" and must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Additionally, in light of Plaintiff's pro se status, the Court will advise that forms are available to help self-represented litigants organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms

### III.    Conclusion

**IT IS HEREBY RECOMMENDED** that:

1.  Defendants' motion to dismiss (ECF No. 4) be GRANTED and the Complaint (ECF No. 1) be dismissed, with leave to amend; and

2.  The matter be referred back to the undersigned for further proceedings, and Plaintiff be allowed 21 days after the decision on these Findings and Recommendations to file a First Amended Complaint.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

5

1    Findings and Recommendations."  The parties are advised that failure to file objections within the

2    specified time may result in waiver of the right to appeal the district court's order.  *Martinez v.*

3    *Ylst*, 951 F.2d 1153 (9th Cir. 1991).

4    DATED: April 28, 2025

5

6

7    SEAN C. RIORDAN
     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28