1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    VIVIAN J. TOLIVER,                          No.  2:24-cv-02139-KJM-SCR

12                  Plaintiff,

13          v.                                     FINDINGS AND RECOMMENDATIONS

14    CLEAR RECON CORP.,

15                  Defendant.

16

17          Plaintiff is proceeding in this matter pro se, and this matter is referred to the undersigned

18    pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636.  Plaintiff has failed to file a first amended

19    complaint (FAC) and failed to respond to the Court's Order to Show Cause (OSC).  The Court

20    now recommends that the action be dismissed for failure to prosecute and failure to comply with

21    court orders.

22          I.      **Background and Procedural History**

23          On August 8, 2024, Plaintiff filed her complaint and paid the filing fee.  ECF No. 1.

24    Plaintiff alleges that Defendant accessed her "personal identification" without her "full consent."

25    *Id.* at ¶ 1.  Plaintiff appears to complain that Defendant was not her true lender, and that

26    Defendant failed to "exhibit the note."  *Id.* at ¶¶ 8-11.

27          On February 25, 2025, Defendant filed a motion to dismiss pursuant to Federal Rule of

28    Civil Procedure 12(b)(6) which argued the complaint failed to state a claim.  ECF No. 4.

Defendant states that it is a substituted foreclosure trustee that was hired to conduct a non-judicial foreclosure on Plaintiff's home on July 25, 2024, on which date the home was sold to a third-party cash bidder. *Id.* at 3. Plaintiff failed to file an opposition to the motion, and the motion was submitted on March 27, 2025. ECF No. 6. On April 29, 2025, the undersigned issued Findings and Recommendations (F&R) recommending that the motion to dismiss be granted and Plaintiff allowed leave to amend. ECF No. 7.

On July 8, 2025, Judge Mueller adopted the F&R and dismissed Plaintiff's complaint. ECF No. 9. The order provided that Plaintiff shall have 21 days to file a FAC. *Id.* at 2. Plaintiff did not timely file a FAC, and this Court issued an OSC which directed Plaintiff to show cause why the action should not be dismissed for failure to prosecute. ECF No. 10. The OSC cautioned that failure to respond would lead to a recommendation that the action be dismissed. Plaintiff's response was due August 22, 2025, and no response was filed.

## II.    Analysis

Plaintiff did not timely file a FAC and has not responded to the Court's order to show cause (ECF No. 10). Plaintiff was warned that failure to respond would lead to a recommendation that the action be dismissed. ECF No. 10 at 2. The Court has considered the five factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), and concludes that dismissal is appropriate. In considering whether to dismiss a claim for failure to prosecute, the Court considers: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to defendants; 4) the availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on their merits. *Id.* at 1260-61.

### 1.  Public's interest in expeditious resolution of the litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This action was filed over a year ago, in August 2024. Plaintiff's only filing in the last twelve months was a very untimely opposition (ECF No. 8) to the motion to dismiss. That last filing was four months ago. This factor weighs in favor of dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir. 2002) ////

2

1    ("Given Pagtalunan's failure to pursue the case for almost four months, this factor weighs in

2    favor of dismissal.").

3        **2.  Court's need to manage its docket**

4        In evaluating this factor, the trial court "is in the best position to determine whether the

5    delay in a particular case interferes with docket management." *Pagtalunan*, 291 F.3d at 642.

6    This case has been on the Court's docket for over a year.  The Court has decided a dispositive

7    motion and issued an order to show cause.  The Court's need to manage its docket weighs in

8    favor of dismissal, particularly given the heavy caseload in this District.

9        **3.  Risk of prejudice to defendant**

10        In evaluating this factor, the Court considers whether "plaintiff's actions impaired

11    defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the

12    case." *Pagtalunan*, 291 F.3d at 642.  Limited delays and the pendency of a lawsuit are

13    insufficient to establish prejudice. *Id.*  However, "[u]nnecessary delay inherently increases the

14    risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643.  This matter

15    cannot proceed without Plaintiff's participation, and because Plaintiff has not filed a FAC, there

16    is no operative pleading upon which the action can proceed.  This factor supports dismissal.

17        **4.  Availability of less drastic alternatives**

18        The Court has considered the availability of less drastic alternatives.  As detailed above,

19    the Court has previously issued an order to show cause and has cautioned Plaintiff that non-

20    compliance with the Court's order would lead to a recommendation to dismiss the action.  The

21    Court finds that lesser sanctions would be futile given Plaintiff's lack of participation in the

22    litigation.  The most severe approach would be to dismiss the action with prejudice, however the

23    Court concludes that the less drastic alternative of dismissal without prejudice is appropriate.

24    This factor weighs in favor of dismissal.

25        **5.  Public policy favoring disposition of cases on the merits**

26        "Public policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643.

27    This factor generally always weighs against dismissal, and some cases have stated it "strongly

28    counsels against dismissal." *Allen v. Bayer Corp. (In re Phenylpropanolamine Prods. Liab.*

3

1    *Litig.*), 460 F.3d 1217, 1228 (9th Cir. 2006). However, "this factor 'lends little support' to a party

2    whose responsibility it is to move a case toward disposition on the merits but whose conduct

3    impedes progress in that direction." *Id.* The Court finds this factor weighs against dismissal.

4       **III.  Conclusion**

5       The Court recommends that dismissal is appropriate pursuant to Federal Rule of Civil

6    Procedure 41(b) and Local Rule 110 for Plaintiff's failure to prosecute this action.

7       Accordingly, **IT IS HEREBY RECOMMENDED** that:

8       1.  This action be dismissed without prejudice; and

9       2.  The Clerk enter judgment and close this file.

10    These findings and recommendations will be submitted to the United States District Judge

11    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days**

12    after being served with these findings and recommendations, either party may file written

13    objections with the court. The document should be captioned "Objections to Magistrate Judge's

14    Findings and Recommendations." The parties are advised that failure to file objections within the

15    specified time may result in waiver of the right to appeal the district court's order. *Martinez v.*

16    *Ylst*, 951 F.2d 1153 (9th Cir. 1991).

17    DATED: September 3, 2025

18

19       SEAN C. RIORDAN
        UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28